IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRUCE WAYNE HARP | § | |
| VS. | § | CIVIL ACTION NO. 1:18cv261 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Bruce Wayne Harp, an inmate confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Petition

Petitioner filed this petition for writ of habeas corpus asserting the following grounds for review: (1) he was denied the effective assistance of counsel at the guilt-innocence phase of the trial because counsel: (a) failed to conduct an independent investigation of the facts; (b) failed to present the testimony of Olivia Harp, a key defense witness; (c) failed to call a witness who could have testified about petitioner's good character; (d) failed to use an expert for trial preparation, to present a defense, and to assist in cross-examining an adverse witness; and (e) failed to object to the jury charge; (2) he was denied Due Process and a fair trial because the trial court erred in failing to instruct the jury it had to have unanimity on all predicate acts; (3) the cumulative effect of the trial court's alleged charge error and counsel's errors deprived him of a fair trial; (4) counsel was ineffective during the punishment phase by failing to do the following: (a) obtain a mitigation expert; and (b) call mitigation witnesses; (5) he was denied Due Process and a fair trial by the trial court's failure to appoint a mental health expert mitigation witness; and (6) he was denied effective assistance of

counsel on appeal because appellate counsel failed to challenge the trial court's denial of petitioner's motion for the appointment of an expert under *Ake v. Oklahoma*, 470 U.S. 68 (1985).

## The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent asserts a general denial, denying all of petitioner's assertions of fact, except those supported by the record or specifically admitted in the response. The respondent contends the petition should be dismissed because petitioner has failed to show the state court resolution of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, the respondent asserts that the petition should be denied and dismissed with prejudice.

## Background and Prior Proceedings

Petitioner was indicted for the felony offense of continuous sexual abuse of a child. Petitioner entered a plea of not guilty an proceeded to a trial before a jury in the 253rd Judicial District Court for Liberty County, Texas. On April 9, 2014, the jury found petitioner guilty of the charged offense and sentenced him to a term of imprisonment for thirty-five years in the Texas Department of Criminal Justice, Correctional Institutions Division.

Petitioner appealed his conviction to the Ninth District Court of Appeals in Beaumont. The appellate court affirmed the judgment of the trial court on December 9, 2015. *See Harp v. State*, No. 09-14-000201-CR, 2015 WL 8475456, at *1 (Tex. App. - Beaumont 2016, *pet. ref'd*). On March 10, 2016, petitioner filed a petition for discretionary review. The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on May 4, 2016. *See Harp v. State*, PD-0053-16 (Tex. Crim. App. 2016).

On June 30, 2017, petitioner filed an application for writ of habeas corpus in the 253rd Judicial District Court for Liberty County, Texas. On August 23, 2017, the Texas Court of Criminal Appeals

ordered the trial court to resolve disputed issues of fact and to enter findings of fact and conclusions of law by December 21, 2017.  The court entered its findings of fact and conclusions of law on March 20, 2018 and recommended that relief be denied.  The state habeas court made the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.    On February 5, 2014, Applicant was indicted in Cause No. CR30729 for CONTINUOUS SEXUAL ABUSE OF A CHILD.

2.    On April 4, 2014, Applicant was examined by VICTOR R. SCARANO, M.D., J.D., for purposes of a Forensic Psychiatric Examination / Evaluation. DR. SCARANO found Applicant to be COMPETENT to stand trial.

3.    On April 7, 2014, Applicant appeared before HON. CHAP B. CAIN, III, Presiding Judge in the 253rd Judicial District Court of Liberty County, Texas, for trial by Jury. A Jury was empaneled and sworn. Applicant entered a plea of NOT GUILTY.

4.    During the Guilt/ Innocence phase of trial, Applicant did not testify in his own behalf. Applicant called one (1) witness to testify in his behalf during the Guilt / Innocence phase of trial. Trial Counsel did not request a continuance due to missing and / or unavailable witnesses. Applicant made no proffer to the Trial Court regarding testimony by additional witnesses.

5.    The Jury found Applicant GUILTY of CONTINUOUS SEXUAL ABUSE OF A CHILD.

6.    During the Punishment phase of trial, Applicant did testify in his own behalf. Applicant also called three (3) witnesses to testify in his behalf during the Punishment phase of trial. Trial Counsel did not request a continuance due to missing and / or unavailable witnesses. Applicant made no proffer to the Trial Court regarding testimony by missing and / or unavailable witnesses.

7.    The Jury assessed Applicant's punishment at thirty-five (35) years in TDCJ-ID. The term assessed is within the range of punishment available to the fact finder upon a finding of GUILT to CONTINUOUS SEXUAL ABUSE OF A CHILD (not less than 25 years nor more than 99 years, or LIFE). The term assessed is 10 years above the minimum available, in the low range.

8.    Applicant timely filed notice of appeal. On December 9, 2015, in Cause No. 09-14-00201-CR (not designated for publication), the 9th Court of Appeals AFFIRMED the Trial Court's Judgment. On May 4, 2016, in Cause No. PD-0053-16, Applicant's Pro se Petition for Discretionary Review was refused. On June 6, 2016, the MANDATE issued.

## CONCLUSIONS OF LAW

1.     After reviewing the trial and habeas records in their entirety, the Trial Court finds that Trial Counsel rendered effective assistance to Applicant.

2.     The Trial Court finds Appellate Counsel to be credible, and that Appellate Counsel rendered effective assistance to Applicant on direct appeal.

3.     Trial Counsel's performance was not deficient.

4.     Appellate Counsel's performance was not deficient.

5.     The Trial Court finds Applicant not to be credible.

SHCR at *60-62 (docket entry no. 7-33 at *10-12).  On May 2, 2018, the Texas Court of Criminal Appeals denied relief without written order.  SHCR at *1 (docket entry no. 7-27 at *1).

### Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 generally prohibits a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions.  *See* 28 U.S.C. § 2254(d).  The first exception allows a petitioner to raise issues previously litigated in the State court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Federal habeas courts are not an alternative forum for trying facts and issues which were insufficiently developed in state proceedings. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). Further, following the Supreme Court's decision in *Cullen v. Pinholster*, federal habeas review under 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

A decision is contrary to clearly established federal law if the state reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id.*

This court must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). The presumption of correctness applies to both implicit and explicit factual findings. *See Young v. Dretke,* 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell,* 274 F.3d 941, 948 n. 11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Deference to the factual findings of a state court is not dependent upon the quality of the state court's evidentiary hearing. *See Valdez,* 274 F.3d at 951 (holding that a full and fair hearing is not a precondition according to § 2254(e)(1)'s presumption of correctness to state habeas court findings of fact nor to applying § 2254(d)'s standards of review).

<u>Analysis</u>

I.    *Ineffective Assistance of Counsel*

Petitioner claims he was denied the effective assistance of counsel at the guilt-innocence phase of the trial because counsel: (a) failed to conduct an independent investigation of the facts; (b) failed to present the testimony of Olivia Harp, a key defense witness; (c) failed to call a witness who could

5

have testified about petitioner's good character; (d) failed to use an expert for trial preparation, to present a defense, and to assist in cross-examining an adverse witness; and (e) failed to object to the jury charge. Additionally, petitioner claims he was denied the effective assistance of counsel during the punishment phase by counsel failing to do the following: (a) obtain a mitigation expert; and (b) call mitigation witnesses. Finally, petitioner claims he was denied effective assistance of counsel on appeal because appellate counsel failed to challenge the trial court's denial of petitioner's motion for the appointment of an expert under *Ake v. Oklahoma*, 470 U.S. 68 (1985).

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *See United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

"To show deficient performance, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). "Counsel's performance is judged based on prevailing norms of practice, and judicial scrutiny of counsel's performance must be highly deferential to avoid 'the distorting effects of hindsight.'" *Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2015) (quoting *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009)). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional

assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871 ,876 (5th Cir. 1989).

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999).

In order to prove the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). Further, a "petitioner must affirmatively prove, not just allege, prejudice." *Id*. (internal quotation omitted). "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Harrington*, 562 U.S. at 111. To satisfy the prejudice prong, "[t]he likelihood of a different result must be substantial, not just conceivable." *Id.* at 512.

If a petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *Id.* A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

When a petitioner brings an ineffective assistance claim under the AEDPA, the relevant question is whether the state court's application of the deferential *Strickland* standard was unreasonable. *See Beatty v. Stephens*, 759 F.3d 455, 463 (5th Cir. 2014). "Both the *Strickland* standard and AEDPA standard are 'highly deferential,' and 'when the two apply in tandem, review is doubly so.'" *Id.* (quoting *Harrington*, 562 U.S. at 105).

A.    Guilt-Innocence Phase

i.    *Investigation*

Petitioner claims counsel failed to conduct an independent investigation of the facts and the failure was not trial strategy. Petitioner asserts that counsel wholly failed to conduct an investigation and failed to interview a single state's witness. Petitioner states trial counsel initiated the cross-examination of five of the seven state witnesses by acknowledging she had never spoken to the witnesses prior to trial. Additionally, petitioner contends that the sole defense witness, Rebecca Flory, never met counsel prior to the time she appeared in court.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

At the time of the habeas application in state court, trial counsel in this case, Lameka A. Trahan, was deceased and could not provide a post-conviction affidavit addressing petitioner's allegations. Further, the state habeas court did not have the benefit of her testimony at an evidentiary hearing. Therefore, her trial strategy regarding the witnesses was not revealed in the state proceedings. Petitioner contends counsel's statements when initiating cross-examination that she had not spoken to the witnesses prior to trial shows counsel wholly failed to investigate or interview the witnesses. However, the record is unclear as to whether counsel had never attempted to contact the

witnesses or had in fact attempted to interview any or all of the witnesses and was unsuccessful. The respondent asserts that the petitioner had presumably told counsel he had told the witnesses he had committed the offense. The respondent asserts it is also reasonable to believe petitioner told counsel he committed the offense given his willingness to tell six people that he had touched the victim inappropriately.

In his response to the respondent's answer, petitioner asserts that no strategic reason would exist not to interview the state's witnesses. However, as set forth above, due to the untimely death of counsel, the record is unclear whether there was a strategy or whether counsel did investigate or attempt to interview the witnesses.

After reviewing the trial and habeas records in their entirety, the state habeas court found trial counsel had rendered effective assistance of counsel to petitioner. The state court found petitioner not to be credible, and it found trial counsel's performance was not deficient. Petitioner has failed to satisfy his burden of showing counsel's performance was deficient in this regard. Further, given the overwhelming evidence against him, petitioner has failed to allege or demonstrate there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The Texas Court of Criminal Appeals rejected petitioner's claim on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding counsel's performance. Further, petitioner has failed to show any associated prejudice given the great weight of evidence against him. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional in this regard. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

ii.    *Uncalled Witnesses*

Petitioner claims counsel failed to present the testimony of Olivia Harp, a key defense witness. Petitioner contends that since counsel called Olivia Harp as a witness at the punishment phase of the trial, no strategic reason would excuse her failure to have Olivia Harp testify at the guilt-punishment phase of the trial.

Additionally, petitioner claims counsel failed to call witnesses who could have testified about petitioner's good character, but none were interviewed or called. Petitioner asserts witnesses were available to testify about his good character for being peaceable and law-abiding, as well as his good character for the moral and ethical treatment of children.

"Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witnesses's willingness to testify and the substance of the proposed testimony." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010) (citing *Harrison v. Quarterman*, 496 F.3d 419, 428 (5th Cir. 2007). The Fifth Circuit "has emphasized that 'complaints of uncalled witnesses are not favored because presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.' " *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983) (quoting *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir. 1978)). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985). A habeas petitioner must overcome a strong presumption that counsel's decision in not calling a particular witness was a strategic one. *See Murray v. Maggio, Jr.,* 736 F.2d 279, 282 (5th Cir. 1984). In cases where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance of counsel are viewed with great caution. *See United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir. 1983), *cert. denied,* 467 U.S. 1251, 104 S.Ct. 3534, 82 L.Ed.2d 839 (1984). Moreover, for a petitioner to succeed on the claim, he must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, they would have been willing to testify and their testimony

would have been favorable to the defense. *See Alexander,* 775 F.2d at 602; *Gomez v. McKaskle,* 734 F.2d 1107,1109-10 (5th Cir. 1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Green v. Johnson,* 160 F.3d 1029, 1045 (5th Cir. 1998); *United States v. Woods,* 870 F.2d 285, 288 n.3 (5th Cir. 1989).

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *See Crane,* 178 F.3d at 309. As the respondent contends, the Court of Criminal Appeals made the implicit finding that Olivia Harp's affidavit was not credible. Alternatively, the Court of Criminal Appeals made the implicit finding that, given counsel's decision to call Olivia Harp during the punishment phase, counsel made a strategic decision to not call her during the guilt-punishment phase either due to the lack of relevance of her testimony or the perceived lack of benefit from such testimony in light of the overwhelming evidence against petitioner.

Further, counsel's calling of petitioner's remaining character witnesses to testify as to his good character for moral and ethical treatment of children would have exposed these witnesses to questions about his bad character. Thus, the witnesses could have been questioned about petitioner's admissions to numerous individuals and opened the door to repeating the testimony of his admissions to apparently credible witnesses. Accordingly, the Court of Criminal Appeals made an implicit finding counsel made a strategic decision to not call the witnesses.

The Texas Court of Criminal Appeals rejected petitioner's claim on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding counsel's performance. Further, petitioner has failed to show any associated prejudice given the great weight of evidence against him. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional in this regard. Petitioner has failed

to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

### iii.    Expert

Next, petitioner claims counsel failed to use an expert for trial preparation, to present a defense, and to assist in cross-examining an adverse witness. Petitioner claims Dr. Jerome Brown, a licensed clinical psychologist should have been used to assist counsel. However, as the respondent asserts, petitioner had confessed to six people that he abused the victim. Petitioner has not shown counsel did not have enough time to prepare for trial without such assistance or that using an expert for trial preparation would have changed the outcome of the trial. Further, petitioner was sentenced to the low end of the punishment range.

The Texas Court of Criminal Appeals rejected petitioner's claim on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding counsel's performance. Further, petitioner has failed to show any associated prejudice given the great weight of evidence against him. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional in this regard. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

### iv.    Jury Charge Objection

Petitioner claims counsel provided ineffective assistance because he failed to object to the jury charge. Petitioner contends that the indictment alleged petitioner committed the offense of continuous

sexual abuse of a child from the date of January 1, 2007 through September 30, 2009. However, the effective date of the statute was September 1, 2007. Therefore, petitioner argues that the jury charge allowed the jury to convict petitioner based on acts of sexual abuse committed before September 1, 2007. Petitioner contends it was objectively unreasonable not to object to the jury charge which allowed the jury to convict petitioner based on acts of sexual abuse committed before September 1, 2007.

A review of the charge in this action reveals the court limited the instructions to conduct occurring from September 1, 2007 through September 30, 2009. Therefore, while the indictment included potential conduct before September 1, 2007, the jury charge did not include conduct before the effective date of the statute. Therefore, the charge was not objectionable, and petitioner has failed to show either deficient performance or prejudice.

The Texas Court of Criminal Appeals rejected petitioner's claim on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding counsel's performance. Further, petitioner has failed to show any associated prejudice given the great weight of evidence against him. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional in this regard. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

B.    Punishment Phase

Next, petitioner claims he was denied the effective assistance of counsel during the punishment phase because counsel failed to obtain a mitigation expert and failed to call mitigation witnesses. Petitioner asserts that while counsel recognized the need for an expert witness in mitigation of sentencing by filing an *Ake* motion requesting the appointment of Dr. Bryan Sweeney,

the motion was denied after the court questioned whether counsel made a sufficient showing. Additionally, Dr. Jerome Brown was not utilized as an expert in mitigation of punishment. Petitioner contends counsel's failure to make a proper request for appointment of an expert, or otherwise utilize an expert in mitigation of punishment was objectively unreasonable.

Further, petitioner claims counsel was ineffective for failing to call mitigation witnesses. Petitioner lists five witnesses who were available to testify on his behalf at the punishment stage of his trial. However, petitioner asserts counsel neither contacted nor called them during the punishment phase of the trial.

The Texas Court of Criminal Appeals rejected petitioner's claim on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding counsel's performance. Further, petitioner has failed to show any associated prejudice given the great weight of evidence against him. Petitioner has not shown why the requested experts were necessary for the presentation of this case. This is not a case of an alleged coerced police confession being the only evidence against petitioner other than the victim's accusation. Here, in addition to the victim asserting petitioner abused her, petitioner voluntarily told six different people he had abused the victim. Further, counsel called the three witnesses she deemed appropriate at the punishment phase. Thus, counsel was following a trial strategy. While it is conceivable that petitioner's sentence may have been different had counsel called the witnesses as now complained, petitioner has failed to affirmatively prove it is reasonably likely the result would have been different. Petitioner was sentenced toward the low end of the twenty-five to nine-nine year range of punishment in this case.

Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional in this regard. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

C.    Cumulative Error

Petitioner also argues that the cumulative effect of the court's charge error and counsel's errors shows counsel's performance was objectively unreasonable and denied him a fair trial.

"The Supreme Court has never squarely held that the cumulative error doctrine governs ineffective assistance of counsel claims." *Hill v. Davis*, 781 F. App'x 277, 281 (5th Cir. 2019). While the Fifth Circuit has employed a cumulative framework at times, "there is no hard and fast rule governing its use, even as a matter of circuit precedent. On multiple occasions, [the Fifth Circuit] has either declined to apply a cumulative prejudice analysis or questioned its relevance altogether." *Id.* at n.2.

Even assuming, *arguendo*, that a cumulative framework applies, counsel's errors, when considered cumulatively, did not prejudice petitioner to such a degree that he qualifies for relief. There was significant evidence against petitioner for the jury to conclude petitioner committed the continuous sexual abuse, as charged. Further, petitioner was sentenced toward the low end of the punishment range. Therefore, petitioner has failed to show that, absent counsel's errors, the result of the proceeding would have been different.

The state habeas court found that, after reviewing the trial and habeas records in their entirety, trial counsel rendered effective assistance to petitioner. The Texas Court of Criminal Appeals rejected petitioner's claim on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding counsel's performance. Further, petitioner has failed to show any associated prejudice given the great weight of evidence against him. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that trial counsel's representation was constitutional in this regard. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision

15

that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, petitioner's ground for relief should be denied.

    D.    Appellate Counsel

Petitioner claims he was denied effective assistance of counsel on appeal because appellate counsel failed to challenge the trial court's denial of petitioner's motion for the appointment of an expert under *Ake v. Oklahoma*, 470 U.S. 68 (1985).  Petitioner claims that by filing an *Anders* brief and failing to present a preserved error on appeal, appellate counsel's conduct was objectively unreasonable.  Further, petitioner contends a reasonable probability exists that, but for counsel's failure, petitioner would have prevailed on appeal.

A claim asserting ineffective assistance of appellate counsel is reviewed under *Strickland*'s performance and prejudice prongs.  *See Henderson v. Quarterman,* 460 F.3d 654, 665 (5th Cir. 2006) (recognizing that *Strickland* applies to ineffective assistance of appellate counsel claims).  A petitioner alleging ineffective appellate representation "must first show that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal - that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" and then "demonstrat[e] prejudice.  That is, he must show a reasonable probability that, but for his counsel's unreasonable failure ... he would have prevailed on his appeal."  *Smith v. Robbins,* 528 U.S. 259, 285–86, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).  Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id*. at 288 (citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)).  Thus, it is possible that an ineffective assistance claim may be "based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent."  *Id.* (citing *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)).  To demonstrate that a failure to raise an issue was deficient, a petitioner must show that a particular nonfrivolous issue was clearly stronger than issues that counsel did present.  *Id.*  In order to determine whether appellate counsel was deficient, the court must consider whether the omitted challenge "would have been sufficiently meritorious such that [the

attorney] should have raised it on appeal." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

After *Ake*, "a defendant cannot expect the state to provide him a most-sophisticated defense; rather, he is entitled to 'access the raw materials integral to the building of an effective defense.'" *Moore v. Johnson*, 225 F.3d 495, 503 (5th Cir. 2000). The denial of expert assistance in violation of *Ake* is trial error subject to harmless error analysis. *See White v. Johnson*, 153 F.3d 197, 202 (5th Cir. 1998), *cert. denied*, 525 U.S. 1149 (1999). Under this standard, the court can grant relief only if the error substantially influenced the jury's decision, or if there is grave doubt as to the harmlessness of the error. *See O'Neal v. McAninch*, 513 U.S. 432, 436 (1995).

The state habeas court found appellate counsel to be credible, and that appellate counsel rendered effective assistance to petitioner on direct appeal. The court also found appellate counsel's performance was not deficient and that petitioner was not credible.

Petitioner has failed to put forth evidence satisfying the above standard which would indicate the trial court abused its discretion in failing to grant counsel's motion. Accordingly, petitioner has failed to show that the state court's error "had substantial or injurious effect or influence" on the jury's verdict. *See Kotteakos v. United States*, 328 U.S. 750, 776 (1946). Therefore, petitioner has failed to show counsel's challenge to the denial of the motion would have been sufficiently meritorious such that counsel should have raised it on appeal.

The Texas Court of Criminal Appeals rejected petitioner's claim on habeas review, denying relief. Petitioner has failed to satisfy his burden of proof regarding appellate counsel's performance. Further, petitioner has failed to show any associated prejudice given the great weight of evidence against him. Petitioner has failed to demonstrate he is entitled to relief with respect to the habeas court's determination that appellate counsel's representation was constitutional in this regard. Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an

17

unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, petitioner's ground for relief should be denied.

II.    *Jury Instruction*

In his next ground for relief, petitioner asserts that he was denied Due Process and a fair trial because the trial court erred in failing to instruct the jury it had to have unanimity on all predicate acts.

Texas state courts have held that Section 21.02 does not violate a defendant's right to jury unanimity.  *See Fulmer v. Texas*, 401 S.W.3d 305, 311-12 (Tex. App. - San Antonio 2013); *Render v. State*, 316 S.W.3d 846, 857-58 (Tex. App. - Dallas 2010).  The individual acts of sexual abuse relate to the manner and means of committing the crime and are not elements of the offense.  *Fulmer*, 401 S.W.3d at 312.  While jurors must unanimously agree on each element of the crime in order to convict, they need not agree on all of the underlying facts making up a particular element.  *Ngo v. State*, 175 S.W.3d 738, 747 (Tex. Crim. App. 2005).

Federal habeas relief will not issue to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding complaints regarding the admission of evidence under California law did not present grounds for federal habeas relief absent a showing that admission of the evidence in question violated due process).  A federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law."  *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994).  "A federal habeas corpus court will review alleged errors in the trial court's instructions only to determine whether the claimed errors rendered the entire trial fundamentally unfair."  *Thompson v. Lynaugh*, 821 F.2d 1054, 1060 (5th Cir. 1987) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154-55 (1977)).  In conducting federal habeas review, however, a court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  Therefore, the relevant inquiry on federal habeas review is whether the erroneous instruction "by itself so infected the entire trial that the resulting conviction violates due process." *Id*.  A criminal proceeding is fundamentally

18

unfair when the error infects and fatally undermines the reliability of the conviction. *Peters v. Whitley*, 942 F.2d 937, 940 (5th Cir. 1991).

Texas state courts do not consider Section 21.02 unconstitutional based upon the argument asserted by petitioner. As a result, petitioner has failed to demonstrate the complained of instructions so infected the entire trial as to constitute a due process violation. Thus, petitioner's claim is not cognizable in federal habeas corpus.

Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

III.    *Denial of a Fair Trial*

Next, petitioner complains that the cumulative effect of the trial court's alleged charge error and counsel's errors deprived him of a fair trial. However, relief based upon the cumulative effect of errors is available only for errors of a constitutional dimension. *Coble v. Quarterman*, 496 F.3d 330, 440 (5th Cir. 2007). As set forth above, the jury charge in this case was not erroneous. Further, petitioner has failed to demonstrate he received ineffective assistance of counsel. Accordingly, petitioner has failed to show errors of a constitutional dimension occurred at his trial, and this ground for relief is without merit.

Petitioner has failed to show either the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

IV.    *Denial of Due Process*

In his final ground for relief, petitioner contends he was denied Due Process and a fair trial by the trial court's failure to appoint a mental health expert mitigation witness.

To warrant relief on a claim of trial court error, the error must do more than merely affect the verdict; the error must render the trial as a whole fundamentally unfair. *See Bailey v. Procunier,* 744 F.2d 1166, 1168 (5th Cir. 1984). "Due process does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 430 (5th Cir. 2011).

In order to determine whether an error by the trial court rendered the trial fundamentally unfair, it must be determined if there is a reasonable probability that the verdict would have been different had the trial been conducted properly. *See Rogers v. Lynaugh,* 848 F.2d 606, 609 (5th Cir. 1988). The Supreme Court has held that a federal harmless error standard applies on federal habeas review of state court convictions. *Brecht v. Abrahamson,* 507 U.S. 619, 637-38, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993). The applicable test is whether the error had "substantial and injurious effect or influence in determining the jury's verdict." *Id.* at 637. Further, under this standard, a petitioner is not entitled to habeas relief based on trial error unless he can establish that it resulted in actual prejudice. *Id.* As previously discussed, habeas petitioners may not prevail in federal habeas actions simply by showing a violation of state law but must show that the trial was fundamentally unfair, thus denying them due process by prejudicing the outcome of the trial. *See Lavernia v. Lynaugh,* 845 F.2d 493, 496 (5th Cir. 1988).

In this case, given the great weight of evidence against petitioner, petitioner has failed to show the alleged error had a substantial and injurious effect or influence in determining the jury's verdict. Therefore, petitioner has failed to establish she was actually prejudice by any alleged trial court error regarding the failure to appoint a mitigation expert. Accordingly, petitioner is not entitled to habeas relief.

Petitioner has failed to satisfy his burden of proof regarding the state court findings. For the reasons set forth above, petitioner has failed to show either that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's ground for relief should be denied.

<u>Recommendation</u>

The above-styled petition for writ of habeas corpus should be denied and dismissed.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 13th day of September, 2021.

_____
Zack Hawthorn
United States Magistrate Judge

21